IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MIGUEL LEBRON, | : | HON. JEROME B. SIMANDLE |
| Petitioner, | : | Civil No. 12-2925 (JBS) |
| v. | : | |
| UNITED STATES OF AMERICA, | : | **OPINION** |
| Respondent. | : | |

APPEARANCES:

Miguel Lebron, pro se
#63167-050
P.O. Box 2068
Inez, KY 41224

Matthew J. Skahill, Assistant U.S. Attorney
Office of the U.S. Attorney
District of New Jersey
4th Floor
Camden, NJ 08101


**SIMANDLE,** Chief Judge:

## I. INTRODUCTION

This matter is before the Court on the government's motion
to dismiss Petitioner Miguel Lebron's pro se application for
habeas corpus relief vacating his sentence pursuant to 28 U.S.C.
§ 2255. [Docket Item 10.]  Petitioner pled guilty to a one-count
Information charging him with engaging in the unlawful business
of dealing in firearms without a license, in violation of 18
U.S.C. § 922(a)(1)(A).  Petitioner was sentenced to 60 months
imprisonment.

Petitioner's present habeas petition asserts that he did not have effective assistance of counsel when negotiating his plea and that the government attorney failed to disclose exculpatory evidence in violation of Brady v. Maryland, 373 U.S. 83 (1963), prior to his plea.  [Docket Item 1.]  Specifically, Petitioner maintains that the detective who executed the search warrant against him was being investigated for engaging in corrupt practices.  The Petitioner maintains that this detective was central to the government's case against him and if Petitioner had known this detective was being investigated for corrupt conduct, he would not have plead and would have challenged the strength of the government's case in chief at trial.

For the reasons discussed herein, the court will deny Petitioner's application for habeas corpus relief.  The Petitioner knowingly and voluntarily waived his right to collaterally attack his sentence when he entered into his plea agreement.  Additionally, the Petitioner cannot establish viable claims for prosecutorial misconduct or ineffective assistance of counsel because the government did not charge the Petitioner for offenses based on the items that were seized during the search warrant and the government disclosed to Petitioner's counsel during plea negotiations that it did not intend to call or use the detective as a witness because of the administrative issues surrounding his questionable conduct.

2

## II.  BACKGROUND

On June 22, 2010, the United States Attorney's Office provided Petitioner Miguel Lebron with a letter notifying him that he was the target of a federal criminal investigation. Petitioner then received court appointed counsel, Assistant Public Defender Thomas Young, in connection with the investigation.  On February 7, 2011, Petitioner entered a guilty plea to a one-count Information charging that between in or about September 2009 and in or about December 2009, Petitioner engaged in the unlawful business of dealing in firearms without a license, in violation of 18 U.S.C. § 922(a)(1)(A).  (Resp't's Ex. A.)

As a result of his guilty plea, Petitioner was sentenced to 60 months imprisonment on May 26, 2011.  (Resp't's Ex. C.)  The Petitioner did not file an appeal.  On May 16, 2012, Petitioner timely filed this motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.  [Docket Item 1.]  In lieu of filing an answer, the Respondent filed the instant motion to dismiss.  [Docket Item 10.]  Petitioner has not filed opposition to Respondent's motion.

## III.  DISCUSSION

### A.  Standard of Review

Under § 2255(a), a federal prisoner may move to vacate, set aside or correct a sentence on the ground that the sentence was

imposed in violation of the Constitution or federal law, the sentencing court was without jurisdiction, or the sentence is in excess of the maximum authorized by law or is otherwise subject to collateral attack. The district court shall grant a hearing to determine the issues and make findings of fact and conclusions of law. § 2255(b). However, if the motion, files and records of the case conclusively show that the prisoner is not entitled to relief, the petition will be denied. Id.; see also United States v. McCoy, 410 F.3d 124, 131-32 (3d Cir. 2005) (holding a district court must grant an evidentiary hearing unless the record before it conclusively showed the petitioner was not entitled to relief).

Generally, an evidentiary hearing must be held to resolve issues of fact falling outside the record of the case. United States v. Costanzo, 625 F.2d 465, 470 (3d Cir. 1980). However, a hearing need not be held if the petition raises no legally cognizable claim, or if the factual matters raised by the petition may be resolved through the district court's review of the motions and the records in the case, or, in some circumstances, if the court, in its discretion, finds the movant's claims to be too vague, conclusory or palpably incredible. Id. (quoting Machibroda v. United States, 368 U.S. 487, 495 (1962)). Government affidavits filed in opposition to a petition for § 2255 relief are not part of the files and records

4

of the case and are not conclusive against the petitioner. <u>Id.</u>

Furthermore, not every asserted error of law may be raised on a § 2255 motion. <u>See</u> <u>Davis v. United States</u>, 417 U.S. 333, 346 (1974). The appropriate inquiry is whether the claimed error is a "fundamental defect which inherently results in a complete miscarriage of justice" and whether it presents "exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." <u>Id.</u> (quoting <u>Hill v. United States</u>, 368 U.S. 424, 429 (1962)).

**B. Waiver**

A waiver in a plea agreement of the right to appeal and collaterally attack a sentence is valid as long as it was entered into knowingly and voluntarily and does not work a miscarriage of justice. <u>United States v. Wilson</u>, 429 F.3d 455, 458 (3d Cir. 2005). "Whereas a defendant bears the burden of presenting an argument that would render his waiver unknowing or involuntary, a court has an affirmative duty both to examine the knowing and voluntary nature of the waiver and to assure itself that its enforcement works no miscarriage of justice, based on the record evidence before it." <u>United States v. Mabry</u>, 536 F.3d 231, 237-38 (3d Cir. 2008.)

In this case, the Petitioner entered into a written plea agreement which contained a comprehensive waiver of appeal and waiver of the right to collaterally attack his sentence under 28

U.S.C. § 2255 so long as his sentence was 60 months or less. (Resp't's Ex. B, Schedule A at ¶ 2.)

Petitioner acknowledged that he accepted this waiver of appeal at the 60-month level "in return for [the United States Attorney's] Office's agreement not to bring additional charges in this case, including charges relating to the possession of the weapons, which he sold to the informant, or for the distribution of cocaine, which he sold to the informant." Id. He signed his plea agreement and, at the plea hearing on February 7, 2011, he answered the Court's extensive questions about his waiver of appeal and waiver of the right to seek relief under § 2255.[1] There is absolutely no basis for Petitioner to claim that his waiver of the right to seek § 2255 relief with regard to any sentence of 60 months or less was not knowing and voluntary as part of his negotiated plea agreement.

The Petitioner also expressly acknowledged this waiver when he signed and submitted his Application for Permission to Enter a Guilty Plea. (Resp't's Ex. D, Application for Permission to Plead Guilty, at ¶ 38)("I understand that my plea agreement

---

[1] Although neither party has provided the Court with a transcript of the Rule 11 hearing, the reporter's notes (of which the relevant excerpt is attached hereto at Appendix A) confirm that the undersigned expressly and extensively questioned Mr. Lebron about his decision to waive § 2255 relief. Following this questioning, the Court found, and defense counsel and the government confirmed that, the waiver was knowing, voluntary and entered into with the effective assistance of counsel. (See Tr. 2/7/11, in App. A at 2-5.)

provides that under certain circumstances I have waived my right to appeal or collaterally attack the sentence imposed in this case."). The Petitioner was then sentenced by this court on May 26, 2011 to 60 months imprisonment, thus triggering the waiver. (Resp't's C, Judgment in a Criminal Case.)

The Petitioner has presented no evidence that he did not knowingly and voluntarily agree to waive his right to collaterally attack his sentence. Nor does the Petitioner argue that he did not understand the implications of this waiver.

There is also no evidence before the court that enforcement of the waiver would work a miscarriage of justice. Without the plea agreement, Petitioner faced a potential Guidelines sentence of 168 to 210 months imprisonment because he was in Criminal History Category VI. By entering into this plea agreement, Petitioner greatly reduced his sentencing exposure to a maximum of 5 years in contrast to the 14 - 17 years contemplated by the Guidelines.

Further, while Petitioner brings an ineffective assistance of counsel claim, Petitioner does not argue that his counsel was ineffective in explaining the terms of the plea agreement or disclosing the nature and effect of the collateral attack waiver contained therein. A collateral attack waiver "does not become unenforceable simply because a defendant claims . . . ineffective assistance, but only if the record of the criminal proceeding

7

reveal[s] that the claim that the waiver was the result of
ineffective assistance of counsel [is] meritorious." <u>United
States v. Akbar</u>, 181 F. App'x 283, 286-87 (3d Cir. May 12, 2006).
<u>See also</u> <u>Walker v. United States</u>, No. 2:09-4967, 2010 WL 3636244,
*4 (D.N.J. September 8, 2010).

Since the Petitioner has not claimed that he entered into
the collateral attack waiver because his counsel was ineffective,
enforcement of the waiver does not work a miscarriage of justice.
Further, as discussed in detail below, Petitioner's ineffective
assistance of counsel claims are without merit and cannot serve
as a basis to void the plea agreement.  Therefore, the court
concludes that the Petitioner has waived his right file this
application for habeas relief.  Accordingly, Respondent's motion
to dismiss will be granted.

### C. Petitioner's Claims are Without Merit

Petitioner first claims that his counsel was ineffective for
failing to investigate the corruption allegations against
Detective Cruz and whether Detective Cruz's inappropriate conduct
would have resulted in the dismissal of the federal charges
against him.  In addition, Petitioner maintains that AUSA Skahill
engaged in prosecutorial misconduct by failing to disclose the
administrative investigation of Detective Cruz to Petitioner
during the plea negotiations.  Finally, Petitioner argues that
since he has been incarcerated, he has participated in several

8

rehabilitation programs which should be considered by the court in deciding his petition.  Petitioner's arguments are without merit and will be addressed below.

### 1.  Prosecutorial Misconduct Claim

Petitioner argues that AUSA Skahill engaged in prosecutorial misconduct by failing to disclose to his attorney evidence of administrative proceedings against Detective Cruz, the lead local detective investigating Petitioner's case and the affiant for the search warrant issued against Petitioner on March 26, 2010.  The parties do not dispute that at the time of Petitioner's plea, Defendant Cruz was the subject of administrative proceedings on the local level regarding allegations that Cruz had made a false statement to a local judge in order to obtain a search warrant.  Cruz has since been terminated from the local police department and the local charges against Petitioner arising out of the execution of Cruz's search warrant have been dismissed by the local prosecutors.  Petitioner maintains that if the government had disclosed the administrative proceedings against Cruz to his attorney at the time of the plea negotiations, Petitioner would have elected not to plea because the government's lead witness against him was susceptible to harmful impeachment.  Petitioner argues that the government's failure to disclose this information violated the government's disclosure obligations under Brady v. Maryland, 373 U.S. 83 (1963).

9

There are several problems with Petitioner's argument. First, there was no indictment in this case and the Petitioner chose to plead guilty to a one-count Information.  The government has no disclosure obligations under *Brady* prior to any charge being filed and the Petitioner has pointed to no precedent establishing due process obligations on the government at the pre-indictment stage.  <u>United States v. Sgarlat</u>, 705 F. Supp. 2d 347 (D.N.J. 2010).

Second, Petitioner pled guilty to one count of engaging in the unlawful business of dealing in firearms without a license, in violation of 18 U.S.C. § 922(a)(1)(A).  This charge was brought as the result of a series of gun sales that Petitioner made to a confidential informant ("CI") who was wearing a recording device.  While Detective Cruz was involved in coordinating the operational aspects of this federal investigation, the evidence against Petitioner to support this charge was independent of Detective Cruz and came from Petitioner's interactions with the CI and recorded conversations between Petitioner and CI.  (Resp't's Ex. F.)  The government did not bring any charges against the Petitioner arising out of the contraband seized during the execution of the March 2010 search warrant.  Consequently, Detective Cruz was not needed to establish the government's case in chief and any impeachment evidence against him would have been irrelevant since the

government would not need to call him as a witness.

Third, and most important, the government did disclose to Petitioner's counsel that Detective Cruz was facing an administrative investigation on the local level and consequently would not be called as a witness.  (Resp't's Ex. E, Letter to Thomas Young from AUSA Matthew Skahill, December 13, 2010).  AUSA Skahill wrote to Petitioner's counsel, Mr. Young, enclosing the plea agreement and explaining, "[a]s we discussed, the detective involved in this case has certain pending administrative issues and the Government would not call him in this case."  Id. Consequently, even if the court were to find that the government had a disclosure obligation in this case, the government would have met its obligation by discussing the administrative proceedings against Cruz with Mr. Young and informing Mr. Young that Cruz would not be called as a witness.

Therefore, Petitioner's arguments that AUSA Skahill committed prosecutorial misconduct by failing to disclose the administrative proceedings against Detective Cruz are without merit.

### 2.  Ineffective Assistance of Counsel Claim

The Petitioner also argues that his counsel, Mr. Young, was ineffective because he failed to investigate the administrative charges against Detective Cruz and failed to file a motion to suppress the contraband seized during the March 26, 2010 search

warrant.   Petitioner's ineffective assistance claims, like his
claims for prosecutorial misconduct, are without merit because
Detective Cruz was not part of the government's case in chief and
the Petitioner was charged with conduct independent of the search
warrant executed by Cruz.

To prevail on a claim of ineffective assistance of counsel,
Petitioner must demonstrate that (1) counsel's performance was so
deficient as to deprive him of the representation guaranteed to
him under the Sixth Amendment of the United States Constitution,
and (2) the deficient performance prejudiced the defense by
depriving the defendant of a fair trial. Strickland v.
Washington, 466 U.S. 668, 687 (1984). To show prejudice under
Strickland, Petitioner must demonstrate that there is a
"reasonable probability that but for counsel's unprofessional
errors, the result of the proceeding would have been different."
Gov't of the V.I. v. Forte, 865 F.2d 59, 62 (3d Cir. 1989)
(quoting Strickland, 466 U.S. at 694).

Here, Petitioner's counsel was not deficient and Petitioner
did not suffer any prejudice from Mr. Young's failure to
investigate Cruz's administrative proceedings.  The government
made clear to Mr. Young that Detective Cruz would not be called
as a witness and it was clear from the Information that
Petitioner was not charged with any violation resulting from the
March 2010 search warrant.  The government disclosed to Mr. Young

its evidence against Petitioner which mainly consisted of transactions with the CI and numerous recorded purchases of firearms.  (Resp't's Ex. F.)  Consequently, any impeachment evidence against Cruz which could have been found through investigating the administrative charges would have been irrelevant.  Likewise, since the government was not seeking to admit any evidence seized from the March 2010 search, any effort by Mr. Young to suppress such evidence would have been unnecessary and a waste of resources.  Therefore, Mr. Young acted reasonably by declining to investigate Cruz's administrative charges since it would have no bearing on the strength of the government's case.

Similarly, Petitioner suffered no prejudice from Mr. Young's decision not to further investigate the Cruz charges because even if Mr. Young had uncovered evidence with which to impeach Cruz, Cruz was not going to testify.  The government's case against the Petitioner was independent of Detective Cruz and would have been unaffected by the discovery of further information on Detective Cruz.

Therefore, the Petitioner has failed to establish his ineffective assistance of counsel claim.  Accordingly, Respondent's motion to dismiss will be granted.

### 3.  Petitioner's Post-Sentence Rehabilitation

Finally, the Petitioner argues that his post-sentencing

conduct should be considered when deciding his application to vacate, alter or set aside his sentence.  Petitioner maintains that he has been involved in several rehabilitation programs since he has been incarcerated and attaches his Inmate Education Data Transcript as evidence of his active participation.  [Docket Item 1 at 33.]  Petitioner argues that under 18 U.S.C. § 3553(a), Pepper v. United States, 131 S. Ct. 1229 (2011), and United States v. Diaz, 639 F.3d 616 (3d Cir. 2011), the court can consider post-sentencing conduct in evaluating a Section 2255 application.  The Petitioner's arguments are unpersuasive.

Both Pepper and Diaz involved defendants whose sentences were vacated on appeal.  These cases held that a defendant's post-conviction conduct can be considered by the court during *resentencing* under 18 U.S.C. § 3553(a).  In this case, the Petitioner's sentence has not been vacated and therefore, Pepper and Diaz are inapplicable.

However, the court would like to note that Petitioner's participation in these rehabilitation and education programs is very positive and worth continuing while he is incarcerated.  The court is encouraged by Petitioner's progress and utilization of these valuable programs.

## VI.  CONCLUSION

For the reasons discussed above, Respondent's unopposed motion to dismiss [Docket Item 10] will be granted and

14

Petitioner's motion to vacate, alter or amend his sentence pursuant to 28 U.S.C. § 2255 will be denied.  The record conclusively shows that the Petitioner is not entitled to relief and therefore no evidentiary hearing is necessary.  Accordingly, Petitioner's application for relief will be denied and the Clerk shall close this case upon the docket.  The accompanying Order will be entered.

## VII.  CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c)(1)(B), "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a proceeding under section 2255." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). To satisfy that standard, a petitioner must demonstrate that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

Here, jurists of reason could not disagree with the Court's resolution of Petitioner's constitutional claims. Under the standard recited above, the Court will deny a certificate of appealability.

**January 8, 2013**          **s/ Jerome B. Simandle**
Date                          JEROME B. SIMANDLE
                              Chief U.S. District Judge

# APPENDIX  A

1
2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

3
4

_____

THE UNITED STATES OF AMERICA

5

        vs.                          CRIMINAL NO. 12-2925 (JBS)

6
7

MIGEL LEBRON,

                                          PLEA

8

                    Defendant.

9

_____

10
11
12

                          UNITED STATES COURTHOUSE
                          ONE JOHN F. GERRY PLAZA
                          4TH AND COOPER STREETS
                          CAMDEN, NEW JERSEY 08101
                          MONDAY, FEBRUARY 7, 2011

13
14

B E F O R E:        THE HONORABLE JEROME B. SIMANDLE
                         UNITED STATES DISTRICT JUDGE

15

A P P E A R A N C E S:

16
17
18

            PAUL J. FISHMAN
            UNITED STATES ATTORNEY
            BY:  MATTHEW J. SKAHILL, ESQUIRE
            ASSISTANT UNITED STATES ATTORNEY

19
20

            THOMAS YOUNG, ESQUIRE
            ATTORNEY FOR DEFENDANT MIGEL LEBRON

21
22
23
24
25

Certified as true and correct as required by Title 28, U.S.C.,
Section 753.
            /S/ Lisa Marcus, CSR, CCR

1          THE COURT:   There's one more issue that I want to
2    make sure you understand, and that's the issue of waiving your
3    right to appeal and waiving your right for post-conviction
4    relief under Section 2255.

5          Now, you told me before that you reviewed the
6    stipulations that are attached to your plea agreement in
7    Schedule A.   Is that correct?

8          THE DEFENDANT:   Yes.

9          THE COURT:   I'm going to ask you some questions about
10   the second stipulation, the one that's labeled No. 2.   It's a
11   long paragraph, I'm going to ask you to take a moment to read
12   Paragraph 2 to yourself, to discuss it further with Mr. Young
13   if you have any questions, and then to tell me when you're
14   done reading the paragraph.

15                    (Reading)

16         MR. YOUNG:   He's reviewed it, your Honor.   And we've
17   also gone over it, each and every line, before as well.

18         THE COURT:   Okay.   Very well.

19         Do you understand you have a right to appeal your
20   conviction and sentence by filing a Notice of Appeal after
21   you're sentenced and asking the Court of Appeals to review
22   this case?

23         THE DEFENDANT:   Yes.

24         THE COURT:   So you have that right unless you choose
25   to give it up.   Do you understand that?

```
 1              THE DEFENDANT:  Yes.
 2              THE COURT:  Paragraph 2 of your stipulations says
 3   that you wish to give up your right to appeal if your sentence
 4   is 60 months or less.  Is that correct?
 5              THE DEFENDANT:  Right.  Yes.
 6              THE COURT:  And so is it your understanding that
 7   you're giving up your right to appeal from any sentence of
 8   60 months or less?
 9              THE DEFENDANT:  Yes.
10              THE COURT:  Now, in this case 60 months is the
11   maximum penalty that you can receive by law, as I previously
12   stated.  Do you know that?
13              THE DEFENDANT:  Yes.
14              THE COURT:  And so you're giving up your right to
15   appeal from any lawful sentence under this plea agreement.
16              THE DEFENDANT:  Yes.
17              THE COURT:  And is that what you wish to do?
18              THE DEFENDANT:  Yes.
19              THE COURT:  Have you discussed your right to appeal
20   with Mr. Young?
21              THE DEFENDANT:  Yes.
22              THE COURT:  And is this waiver part of your
23   negotiated plea agreement with the government?
24              THE DEFENDANT:  Yes.
25              THE COURT:  And are you entering into this waiver,
```

1  waiver means to give up, giving up your plea agreement -- I'm
2  sorry.

3        Have you entered into this plea agreement giving up
4  your right to appeal knowingly and voluntarily?

5        THE DEFENDANT:   Yes.

6        THE COURT:   There's a second right, which is
7  discussed in Paragraph 2, and that's the right for you to seek
8  post-conviction relief under Section 2255.   That means that
9  generally you have a right, unless you give it up, to file a
10 motion before me, that is, an application filed in this Court
11 asking me to review your conviction and your sentence and
12 asking for relief under the habeas corpus statutes that apply
13 to federal prisoners.   Do you understand that?

14       THE DEFENDANT:   Yes.

15       THE COURT:   And you have that right for up to one
16 year after your conviction becomes final if you are serving a
17 federal sentence.   Do you understand that?

18       THE DEFENDANT:   Yes.

19       THE COURT:   This says that you wish to give up that
20 right as long your sentence is not more than 60 months.   Is
21 that your understanding?

22       THE DEFENDANT:   Yes.

23       THE COURT:   Have you discussed this as well with Mr.
24 Young and it's your decision to do this knowing and voluntary
25 as part of this negotiated plea agreement?

```
1              THE DEFENDANT:  Yes.

2              THE COURT:  Do you have any questions about giving up

3    your right to seek post-conviction relief?

4              THE DEFENDANT:  No.

5              THE COURT:  Do the attorneys believe that Mr.

6    Lebron's waivers of appeal and post-conviction relief under

7    the terms of Paragraph 2 are knowing and voluntary?

8              MR. SKAHILL:  Yes, your Honor.

9              MR. YOUNG:  Yes, your Honor.

10             THE COURT:  All right.  And, Mr. Lebron, do you still

11   wish to plead guilty?

12             THE DEFENDANT:  Yes.

13             THE COURT:  Very well.  I'm going to accept your

14   guilty plea, I find that your waivers of appeal and

15   post-conviction relief are knowing and voluntary, I find that

16   there's a factual basis for your plea to this charge of

17   engaging in the business of dealing in firearms as charged in

18   the Information, and I find that all the requirements of Rule

19   11 of the Federal Rules of Criminal Procedure have been met by

20   this hearing.  And so I'll ask the clerk to enter a

21   disposition of guilty upon the record.

22        And I'll schedule your case for sentencing.  So your

23   sentence will be on Thursday, May 26th, at 9:30.  And I will

24   ask the probation department in the meantime to prepare a

25   presentence and investigation report.
```